UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHMUEL KLEIN,

                        Plaintiff,

-against-

JOHN BELTEMPO, individually and in his official capacity as a Police Officer for the Village of Spring Valley Police Department, and LOUIS SCORZIELLO, individually and in his official capacity as a police officer of the Village of Spring Valley Police Department, JOHN DOE and/or JANE ROE as investigator district attorney for the County of Rockland

                        Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/7/18

No. 15 Civ. 9093 (NSR)

OPINION & ORDER

---

NELSON S. ROMÁN, United States District Judge

Plaintiff Shmuel Klein brings this action pursuant to 42 U.S.C. § 1983 and the New York State Constitution against Defendants John Beltempo, Louis Scorziello, Jennifer Parietti (s/h/a "Jane Roe"), and John Doe alleging malicious prosecution and conspiracy to commit malicious prosecution. Defendant Parietti moves to dismiss the complaint pursuant to Federal Rules of Civil Procedure Rule 12(b)(6)[1] or, alternatively, Rule 56.

### I.    BACKGROUND

A.    Facts

Plaintiff's allegations in this action, articulated in his Amended Second Amended Complaint ("Am. Sec. Am. Compl."), concern the same set of events at issue in his prior, *pro se*,

---

[1] Defendant Parietti does not specify the subsection of Rule 12 under which she requests dismissal but, because she uses the language of Rule 12(b)(6) throughout the motion, the Court will conduct a Rule 12(b)(6) analysis.

litigation,[2] *Klein v. United Parcel Service*, No. 11-CV-2044(ER), 2014 WL 4637493 (S.D.N.Y. Sept. 17, 2014) ("*Klein I*"), which was dismissed on procedural grounds. (*Compare* Compl., *Klein I*, ECF No. 1, *with* Am. Sec. Am. Compl., ECF No. 61.)

Plaintiff is the trustee for SK Trust, which owns property at 268 Route 59 in Spring Valley, New York. (Am. Sec. Am. Compl. ¶ 6.) During the years 2006 through 2007, SK Trust rented a room at 268 Route 59 to Israel Kraus, an individual doing business as EZP Labels ("EZP"). (*Id.* ¶ 7.) In late 2006, when EZP failed to make monthly rent payments, Plaintiff began an eviction proceeding. (*Id.*) On May 9, 2007, SK Trust was granted a warrant of eviction and awarded a judgment of $4,216.00 against EZP. (*Id.* ¶ 8.) EZP vacated the premises, but never satisfied the judgment. (*Id.*)

In early 2010, United Parcel Service ("UPS") delivered a package[3] to 268 Route 59 for Israel Kraus and EZP. (*Id.* ¶ 9.) Plaintiff was not present for the delivery of the package, but was notified of the delivery by his secretary. (*Id.* ¶¶ 9–10.) Plaintiff directed his staff to call Kraus to inform him that the package had arrived. (*Id.* ¶ 10.) Kraus came to Plaintiff's office at which point Plaintiff's staff demanded payment of the outstanding judgment. (*Id.*) Kraus told Plaintiff's staff he would return with the payment and would pick up the package then. (*Id.*) Kraus apparently did not return.

Instead, a short time later, a UPS delivery employee came to Plaintiff's office and requested the package. (*Id.* ¶ 11.) Plaintiff told the UPS employee he had a possessory lien on the package until the judgment was satisfied. (*Id.*) The UPS employee left without the package.

---

[2] Judicial notice may be taken of documents that the plaintiff either possessed or knew about in bringing the suit, or matters that are referenced in the Complaint. *See Kleinman v. Elan Corp.*, 706 F.3d 145, 152 (2d Cir. 2013); (Am. Sec. Am. Compl. ¶ 25.)

[3] Plaintiff refers to the package as "package(s)" or as "package or packages" throughout the complaint. (*See, e.g.*, Am. Sec. Am. Compl. ¶¶ 9–10.) Although the number of parcels delivered is unknown, the Court will, for ease of reference, refer to a single package.

(*Id.*) About a week later, UPS sent another employee who again asked Plaintiff for the package. (*Id.* ¶ 12.) Plaintiff told the UPS employee that he had a lien on the package, and the UPS employee left without the package. (*Id.*) The next week, the UPS employee again requested the package with the same result. (*Id.* ¶ 13.)

On March 24, 2010, after UPS filed a criminal complaint against Plaintiff with the Village of Spring Valley Police Department, Defendants Police Officers Beltempo and Scorziello, accompanied by the UPS employee and a retired police officer, entered 268 Route 59 and demanded the package. (*Id.* ¶ 14.) Defendants Beltempo and Scorziello had no arrest or search warrant, and Plaintiff explained that SK Trust had a possessory lien on the package until the outstanding judgment was satisfied. (*Id.*)

Defendants Beltempo and Scorziello called Assistant District Attorney(s) Defendants Jennifer Parietti and John Doe[4] to determine which charges could be brought against Plaintiff. (*Id.* ¶ 16.) Defendants Parietti and Doe told Defendants Beltempo and Scorziello to " 'teach [Plaintiff] a lesson' and 'arrest him.' " (*Id.*) Defendant Beltempo then screamed at Plaintiff, shook his fist, and yelled, "Give me th[at] package[]." (*Id.*) Plaintiff calmly repeated his assertion of the lien and said that this was a civil, not a criminal, matter. (*Id.*) Defendant Beltempo declined Plaintiff's offer to go to Justice Court to allow a judge to determine whether Plaintiff had a valid lien. (*Id.*) Instead, Defendant Beltempo twisted Plaintiff's arms behind his back and handcuffed him, assaulting and battering Plaintiff in front of his 77 year-old mother and three other employees. (*Id.* ¶ 16–17.) At that point, Plaintiff offered Defendants Beltempo and Scorziello the package, but they rejected the offer because it was "too late." (*Id.* ¶ 17.) At no time did Plaintiff "attempt to resist arrest or offer violence to [Defendants]." (*Id.* ¶ 19.)

---

[4] Defendant points out that John Doe has been neither identified nor served. (Parietti Mot. to Dismiss p. 20.)

3

Plaintiff demanded to be released several times, but Defendants Beltempo and Scorziello refused and placed Plaintiff in the back of a police car. (*Id.* ¶ 16–17.) Defendant Beltempo then handed the sealed and unopened package to the UPS employee at the direction of Defendants Parietti and Doe. (*Id.* ¶ 17.) "Defendants [] never retained custody of the package[] as it was there [sic] intent to maliciously prosecute Plaintiff for felony larceny and false arrest even though they had no evidence of any crime." (*Id.*)

Defendants Beltempo and Scorziello transported Plaintiff to the Village of Spring Valley police station, where police searched, finger printed, photographed, and handcuffed Plaintiff to a bench in a holding cell. (*Id.* ¶ 18.) He was released several hours later and told to walk the three miles back to his office. (*Id.*) Later, Defendants Parietti and Doe charged Plaintiff with felony larceny and resisting arrest. (*Id.* ¶ 23.) After Plaintiff was arraigned on these charges, and after several court hearings, the Rockland County District Attorney reduced the charges to petit larceny and resisting arrest. (*Id.*)

Shortly after Plaintiff was convicted,[5] he filed his 2011 civil lawsuit in this Court. (*Id.* ¶ 25.) He also appealed his conviction. (*Id.*) Around February 6, 2014, Plaintiff's resisting arrest conviction was reversed and his petit larceny conviction was remanded. (*Id.*) Approximately six months later, the Rockland County District Attorney elected to no longer pursue the case. (*Id.*)

Plaintiff alleges that Defendants Beltempo and Scorziello had the "ulterior motive" of "personal financial benefit" for arresting Plaintiff and charging him with crimes he did not commit. (*Id.* ¶ 21.) He also states that Defendants Parietti and Doe acted "pursuant to official

---

[5] Plaintiff was convicted on March 11, 2011. *See People v. Klein*, No. 2012-1424, 2014 WL 683874, *at 1 (N.Y. App. Term 2d Dep't Feb. 6, 2014).

4

municipal policy," and that they violated their duty to "avoid violating Plaintiff's rights." (*Id.* ¶ 20.)

B.   *Klein I*

Plaintiff's prior action based on similar allegations was filed on March 24, 2011. (Compl., *Klein I*.) The Court issued a summons the same day allowing Plaintiff to serve Defendants. *See Klein I*, 2014 WL 4637493, at *1 (providing an overview of the procedural dismissal of Plaintiff's prior litigation). During the next eleven months, however, Plaintiff did not effectuate service or communicate with the Court. *Id.* at *1–2. On February 6, 2012, the *Klein I* Court gave Plaintiff thirty days to file proof of service or provide a justification for an extension of time to serve. *Id.* at *1. Plaintiff did not respond. *Id.* On March 27, 2012, the Court dismissed the action without prejudice for failure to serve Defendants under the period of time prescribed by Federal Rule of Civil Procedure 4(m). *Id.*

C.   Criminal Conviction

On February 6, 2014, a New York state appellate court reversed Plaintiff's conviction for resisting arrest and remanded the petit larceny conviction. (Am. Sec. Am. Compl. ¶ 25); *People v. Klein*, No. 2012-1424, 2014 WL 683874 (N.Y. App. Term 2d Dep't Feb. 6, 2014). The court reversed the petit larceny conviction on technical grounds due to the failure to convert the felony complaint in Plaintiff's state court criminal proceedings to an information as required by New York's Criminal Procedure Law when a charge is reduced to a non-felony offense. *See Klein*, 2014 WL 683874, at *1; N.Y. C.P.L. § 180.50(3)(a)(iii). In contrast, the court found the "information charging defendant with resisting arrest . . . failed to allege facts sufficient to establish, if true, the lawfulness of the arrest, i.e., that 'the arrest was premised on probable cause,' " and dismissed that charge. *Id.* (citation omitted). After the case was remanded,

Plaintiff alleges that "[a]fter nearly six months"—or sometime around August 2014—the District Attorney "elected to no longer pursue the matter." (Am. Sec. Am. Compl. ¶ 25.)

D.   Plaintiff's Request to Reopen *Klein I*

On September 3, 2014, Plaintiff asked the Court to reopen his prior action. (Am. Sec. Am. Compl. ¶ 26); (Letter Request, *Klein I*, ECF No. 8). Judge Ramos construed this request as a motion for relief from the final judgment entered on March 27, 2012 that dismissed *Klein I* without prejudice pursuant to Federal Rules of Civil Procedure Rule 4(m). *Klein I*, 2014 WL 4637493, at *1; *see* Fed. R. Civ. P. 60(b). The Court denied the motion based on "Plaintiff's failure to effect service, request an extension from the Court or pursue his claims," as well as the "significant duration" of his "dilatory conduct," for which Plaintiff had not shown good cause or "extraordinary circumstances" warranting relief from the dismissal. *Klein I*, 2014 WL 4637493, at *2–3 (noting that, according to Rule 60(c)(1), Plaintiff's three and a half year delay in seeking relief foreclosed all potential avenues except for Rule 60(b)(6)). The Court also indicated that the analysis would be the same if the dismissal was considered under Federal Rules of Civil Procedure Rule 41(b). *Id.* at *3 n.4.

On August 25, 2015, the Second Circuit issued a summary order affirming that decision. (Compl. ¶ 27); *Klein v. Smith*, 613 F. App'x 86 (2d Cir. 2015) ("[The] court did not exceed its allowable discretion in denying Klein's Rule 60(b) motion for the reasons stated in its well-reasoned and thorough opinion and order.").

## II.   PROCEDURAL HISTORY

On November 19, 2015, Plaintiff, proceeding *pro se*, commenced this action by filing a complaint against several UPS and Spring Valley Defendants, as well as the Rockland County District Attorney. (Compl., ECF No. 1.) In June 2016, Defendants submitted motions to

6

dismiss. (ECF Nos. 26, 30, 39.) On January 24, 2017, the Court dismissed with prejudice all of Plaintiff's claims against the UPS Defendants, some of the Spring Valley Defendants, and the Rockland County District Attorney. *Klein v. Zugabie*, 15-CV-9093(NSR), 2017 WL 374733, at *11 (S.D.N.Y. Jan. 24, 2017). The Court also dismissed all claims against Defendants Parietti and John Doe with prejudice except for the claims for malicious prosecution and conspiracy to maliciously prosecute, which were dismissed without prejudice. *Id.* Plaintiff's § 1983 claim against Defendants Beltempo and Scorziello for malicious prosecution remained.[6] *Id.* On February 17, 2017, Plaintiff filed an amended complaint. Plaintiff notified the Court that he was represented by counsel and no longer proceeding *pro se* on March 15, 2017. On May 5, 2017, Plaintiff filed a second amended complaint and he filed the Amended Second Amended Complaint, the current complaint, on May 12, 2017. Defendant Parietti filed this Motion to Dismiss ("Parietti Mot. to Dismiss") on September 15, 2017.

## III. LEGAL STANDARDS

### A. Motion to Dismiss

To survive a Rule 12(b)(6) motion, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the factual content pleaded allows a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. To survive a motion to dismiss, a complaint must supply "factual allegations sufficient 'to raise a right to relief above the

---

[6] This Court dismissed Plaintiff's malicious prosecution and conspiracy claims for the larceny prosecution because that arrest was supported by probable cause. *Klein v. Zugabie*, 15-CV-9093(NSR), 2017 WL 374733, at *9–10 (S.D.N.Y. Jan. 24, 2017); (Parietti Mot. to Dismiss p. 14.) The remaining malicious prosecution claims concern Plaintiff's resisting arrest prosecution. *Id.* at *9, 11.

7

speculative level.' " *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). A court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, but the court is " 'not bound to accept as true a legal conclusion couched as a factual allegation,' " or to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Further, a court is generally confined to the facts alleged in the complaint for the purposes of considering a motion to dismiss pursuant to 12(b)(6). *Cortec Indus. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991). The court may, however, consider documents attached to the complaint, statements or documents incorporated into the complaint by reference, matters of which judicial notice may be taken, public records, and documents that the plaintiff either possessed or knew about, and relied upon, in bringing the suit. *See Kleinman v. Elan Corp.*, 706 F.3d 145, 152 (2d Cir. 2013).

### B.     42 U.S.C. § 1983 Claims

Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983.

Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see Patterson v. County of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004). To state a claim under § 1983, a plaintiff must allege "(1) the challenged conduct was attributable to a person who was acting under color

of state law and (2) the conduct deprived the plaintiff of a right guaranteed by the U.S. Constitution." *Castilla v. City of New York*, No. 09-CV-5446(SHS), 2013 WL 1803896, at *2 (S.D.N.Y. Apr. 25, 2013); *see Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010); *Quinn v. Nassau Cty. Police Dep't*, 53 F. Supp. 2d 347, 354 (E.D.N.Y. 1999) ("[Section 1983] furnishes a cause of action for the violation of federal rights created by the Constitution.").

Here, Plaintiff alleges that the Defendants violated his Fourth, Fifth, and Fourteenth Amendment rights.

## IV. DISCUSSION

Defendant Parietti has articulated various grounds for dismissing Plaintiff's action, including immunity, failure to support the claims, and reassertion of claims previously dismissed with prejudice. (Parietti Mot. to Dismiss pp. 7, 11, 12, and 16.) For reasons articulated below, this Court dismisses Plaintiff's claims against Defendant Parietti with prejudice based on Eleventh Amendment and absolute immunity.[7]

### A. Eleventh Amendment Immunity

Defendant Parietti argues that Plaintiff's malicious prosecution and conspiracy claims against her in her official capacity are barred by Eleventh Amendment immunity. (Parietti Mot. to Dismiss pp. 11–12.) The Court agrees.

Suits against state officials, which include assistant district attorneys, acting in their official capacities, are barred by Eleventh Amendment immunity. *Baez v. Hennessy*, 853 F.2d

---

[7] As Defendant Parietti notes, Plaintiff does not specify whether his claims against her are in her individual or official capacity. (Parietti Mot. to Dismiss p. 11.) In the caption, Plaintiff specifies that Defendants Beltempo and Scorziello are being sued in their individual and official capacities, but he only identifies Defendant Parietti as "investigator district attorney." Plaintiff repeats these statements in the text of his complaint. (Am. Sec. Am. Compl. ¶¶ 4–5.) Thus, the Court understands that Plaintiff is suing Defendant Parietti only in her official capacity. However, the Court will proceed with both an Eleventh Amendment and absolute immunity analysis because Defendant raises both in her motion. (Parietti Mot. to Dismiss pp. 11–12.)

9

73, 77 (2d Cir. 1988) (stating that the assistant district attorney "represents the State not the county"); *Alvarez v. Doe*, No. 03-CV-7740, 2004 WL 1874972, at *4 (S.D.N.Y. Aug. 13, 2004). Prosecution, even if allegedly malicious, is action within a prosecutor's "official capacity." *See, e.g., Blessinger v. City of New York*, No. 17-CV-108(WHP), 2017 WL 3841873, at *1 (S.D.N.Y. Sept. 1, 2017); *Calderon v. Morgenthau*, No. 04-CV-8905(NRB), 2005 WL 1668617, at *2 (S.D.N.Y. July 15, 2005); *Alvarez*, 2004 WL 1874972, at *4; *Carbajal v. County of Nassau*, 271 F. Supp. 2d 415, 420 (E.D.N.Y. 2003). In *Alvarez*, the court held that the plaintiff's malicious prosecution claim against the defendant district attorney was barred by the Eleventh Amendment because it "pertains solely to his activities as District Attorney." *Alvarez*, 2004 WL 1874972, at *4. Thus, Plaintiff's malicious prosecution and conspiracy claims against Defendant Parietti are barred by the Eleventh Amendment.

B.   **Absolute Prosecutorial Immunity**

Defendant Parietti also argues that she has absolute immunity against Plaintiff's malicious prosecution and conspiracy claims. (Parietti Mot. to Dismiss pp. 12–14.) Absolute immunity shields prosecutors from civil liability for state and federal law claims for acts that are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Rudow v. City of New York*, 822 F.2d 324, 329 (2d Cir. 1987) ("The same principles that render [the prosecutor] absolutely immune for personal liability under federal law also protect her under New York Law."). Claims for malicious prosecution closely relate to the "judicial phase of the criminal process" and are covered under absolute immunity. *See, e.g., Shmueli v. City of New York*, 424 F.3d 231, 237–38 (2d Cir. 2005); *Bernard v. County of Suffolk*, 356 F.3d 495, 503 (2d Cir. 2004); *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994). Malice is immaterial to an absolute immunity analysis. *Pinaud v. County of Suffolk*, 52 F.3d 1139, 1148–

49 (2d Cir. 1995); *Economou v. Butz*, 466 F. Supp. 1351, 1355 (S.D.N.Y. 1979). "[U]nless a prosecutor proceeds in the clear absence of all jurisdiction, absolute immunity exists for those prosecutorial activities intimately associated with the judicial phase of the criminal process." *Barr v. Abrams*, 810 F.2d 358, 361 (2d Cir. 1987). Moreover, the question of absolute immunity can be resolved at the motion to dismiss phase because the availability of the defense "depends on the nature of the function being performed by the defendant" which "is often clear from the face of the complaint." *Shmueli*, 424 F.3d at 236.

Conspiracy claims may also fall under absolute prosecutorial immunity. *Pinaud*, 52 F.3d at 1148 (holding that conspiracy among prosecutors is shielded by absolute immunity); *Dory*, 25 F.3d at 83; *McDonough v. Smith*, No. 15-CV-1505(MAD/DJS), 2016 WL 7496128, at *10 (N.D.N.Y. Dec. 30, 2016) (dismissing a plaintiff's conspiracy to commit malicious prosecution claim because the defendant was entitled to absolute prosecutorial immunity); *Romer v. Travis*, No. 00-CV-8671(KMW/AJP), 2001 WL 220115, at *5 (S.D.N.Y. Jan. 31, 2001); *Covington v. City of New York*, 916 F. Supp. 282, 286–87 (S.D.N.Y. 1996) (holding that a plaintiff's claims of malicious prosecution and conspiracy were barred by absolute prosecutorial immunity).

Here, the prosecutorial nature of Defendant Parietti's actions related to Plaintiff's malicious prosecution and conspiracy claims is clear from the face of the complaint, and absolute immunity applies. Plaintiff states that Defendant Parietti instructed Defendants Beltempo and Scorziello to hand the package to the UPS employee "as it was there [sic] intent to maliciously prosecute Plaintiff for felony larceny and [resisting] arrest."[8] (Am. Sec. Am. Compl. ¶ 17.) After Plaintiff appealed his convictions, Defendant Parietti continued to "investigate" in order to file responding appellate briefs. (*Id.* ¶ 25.) Accepting Plaintiff's allegations as true, these actions are

---

[8] Plaintiff's original text stated "false arrest," but the Court replaced "false" with "resisting," as Plaintiff alleges he was maliciously prosecuted for resisting arrest.

related prosecution and are "intimately associated with the judicial phase of the criminal process," despite Plaintiff's use of the word "investigate" and his allegations that Defendant Parietti's actions were not strictly prosecutorial. (Pl.'s Br. in Opp'n to Mot. to Dismiss p. 17.)[9]

Prosecutors are not entitled to absolute immunity when performing the investigative functions normally undertaken by police officers. *Bernard v. County of Suffolk*, 356 F.3d 495, 502–03 (2d Cir. 2004). The initiation and pursuit of a prosecution is not investigative and, regardless of any alleged illegality, is protected by absolute immunity. *Peay v. Ajello*, 470 F.3d 65, 67–68 (2d Cir. 2006). The investigations alleged in Plaintiff's Amended Second Amended Complaint were part of Defendant Parietti's prosecutorial efforts. *See Watson v. Grady*, No. 09-CV-3055(KMK), 2010 WL 3835047, at *15 (S.D.N.Y. Sept. 30, 2010). Plaintiff does not allege any other facts to indicate that Defendant Parietti was preforming an investigative rather than a prosecutorial function. Thus, absolute immunity applies.

Accordingly, Plaintiff's claims against Defendant Parietti are dismissed with prejudice.[10]

## CONCLUSION

For the foregoing reasons, Defendant Parietti's motion to dismiss Plaintiff's Amended Second Amended Complaint is GRANTED. Plaintiff's claims against Defendants Beltempo and Scorziello remain.

---

[9] Plaintiff also alleges that Defendant Parietti "investigate[d] possible charges which could be brought against Plaintiff" and instructed Defendants Beltempo and Scorziello to arrest Plaintiff. (Am. Sec. Am. Compl. ¶¶ 16–17.) However, these allegations are unrelated to the malicious prosecution claims and are likely remainders from Plaintiff's false arrest and due process claims which this Court dismissed. *Klein v. Zugabie*, 15-CV-9093(NSR), 2017 WL 374733, at *11 (S.D.N.Y. Jan. 24, 2017). Supposing that these actions are part of Plaintiff's malicious prosecution claims, they may not be prosecutorial. However, the Court need not decide this issue because Defendant Parietti is immune from those claims under the Eleventh Amendment, as she is sued in her official and not her personal capacity. *See supra* Part IV(A) & n.7.

[10] Defendant Parietti argues that Plaintiff's claims against all of the Defendants must be dismissed because Plaintiff failed to plead favorable termination to support his malicious prosecution and conspiracy claims. (Parietti Mot. to Dismiss p. 7–10, 15.) To succeed on a claim for malicious prosecution, "a plaintiff is required to

The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 71, and to dismiss Defendant Jennifer Parietti (s/h/a "Jane Roe") from this action. Remaining Defendants Beltempo and Scorziello are directed to file an answer to the Amended Second Amended Complaint on or before October 8, 2018. The parties are directed to confer, complete, and submit to the Court the attached case management plan on or before October 12, 2018. This constitutes the Court's Opinion and Order.

Dated: September 7, 2018
       White Plains, New York

SO ORDERED:

_____
NELSON S. ROMAN
United States District Judge

---

demonstrate: (i) the commencement or continuation of a criminal proceeding against her; (ii) the termination of the proceeding in her favor; (iii) 'that there was no probable cause for the proceeding'; and (iv) 'that the proceeding was instituted with malice.' " *Mitchell v. City of New York*, 841 F.3d 72, 79 (2d Cir. 2016) (quoting *Kinzer v. Jackson*, 316 F.3d 139, 143 (2d Cir. 2003)). "Proceedings are 'terminated in favor of the accused' only when their final disposition is such as to indicate the accused is not guilty." *DiBlasio v. City of New York*, 102 F.3d 654, 658 (2d Cir. 1996). Defendant Parietti argues that Plaintiff's malicious prosecution claim is not plausible on its face because Plaintiff fails to plead sufficient facts to establish that the prosecution terminated in his favor. (Parietti Mot. to Dismiss p. 7.) Plaintiff states that "[a]fter nearly six months after the reversal [of his resisting arrest conviction], Rockland County District Attorney elected to no longer pursue the matter," but Plaintiff does not specify the nature of the dismissal. (Am. Sec. Am. Compl. ¶ 25); (Parietti Mot. to Dismiss p. 9.) It is unclear if this statement provides plausible support to indicate that the prosecution for resisting arrest terminated in Plaintiff's favor. The Court need not resolve this analysis because only Defendant Parietti's motion is before the court, and Plaintiff's claims against her are barred.

Rev. Jan. 2012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

                                    Plaintiff(s),      **CIVIL CASE DISCOVERY PLAN**
                                                                       **AND SCHEDULING ORDER**
   - against -

                                    Defendant(s).    _____ CV _____ (NSR)

------------------------------------------------------------x

This Civil Case Discovery Plan and Scheduling Order is adopted, after consultation with counsel, pursuant to Fed. R. Civ. P. 16 and 26(f):

1. All parties [consent] [do not consent] to conducting all further proceedings before a Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. (If all parties consent, the remaining paragraphs of this form need not be completed.)

2. This case [is] [is not] to be tried to a jury.

3. Joinder of additional parties must be accomplished by _____.

4. Amended pleadings may be filed until _____.

5. Interrogatories shall be served no later than _____, and responses thereto shall be served within thirty (30) days thereafter. The provisions of Local Civil Rule 33.3 [shall] [shall not] apply to this case.

6. First request for production of documents, if any, shall be served no later than _____.

7. Non-expert depositions shall be completed by _____.

    a. Unless counsel agree otherwise or the Court so orders, depositions shall not be held until all parties have responded to any first requests for production of documents.

    b. Depositions shall proceed concurrently.

    c. Whenever possible, unless counsel agree otherwise or the Court so orders, non-party depositions shall follow party depositions.

8.  Any further interrogatories, including expert interrogatories, shall be served no later than _____.

9.  Requests to Admit, if any, shall be served no later than _____.

10. Expert reports shall be served no later than _____.

11. Rebuttal expert reports shall be served no later than _____.

12. Expert depositions shall be completed by _____.

13. Additional provisions agreed upon by counsel are attached hereto and made a part hereof.

14. **ALL DISCOVERY SHALL BE COMPLETED BY** _____.

15. Any motions shall be filed in accordance with the Court's Individual Practices.

16. This Civil Case Discovery Plan and Scheduling Order may not be changed without leave of Court (or the assigned Magistrate Judge acting under a specific order of reference).

17. The Magistrate Judge assigned to this case is the Hon. _____.

18. If, after entry of this Order, the parties consent to trial before a Magistrate Judge, the Magistrate Judge will schedule a date certain for trial and will, if necessary, amend this Order consistent therewith.

19. The next case management conference is scheduled for _____, at _____. (The Court will set this date at the initial conference.)

SO ORDERED.

Dated: White Plains, New York

_____

_____
Nelson S. Román, U.S. District Judge