UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHMUEL KLEIN,

                              Plaintiff,

        -against-

JOHN BELTEMPO, individually and in his
official capacity as a Police Officer for the
Village of Spring Valley Police Department,
and Police Officer LOUIS SCORZIELLO,
individually and in his official capacity as a
Police Officer of the Village of Spring Valley
Police Department.

                              Defendants.

15-cv-9093 (NSR)

OPINION AND ORDER

NELSON S. ROMÁN, United States District Judge,

        Plaintiff Shmuel Klein ("Plaintiff" or "S. Klein") brings this action under 42 U.S.C. §

1983 ("Section 1983") against Defendants Police Officer John Beltempo ("P.O. Beltempo")

and now retired Police Officer Louis Scorziello ("P.O. Scorziello") (collectively, the

"Defendants"). Defendants now move to dismiss Plaintiff's Second Amended Complaint, the

operative complaint, under Fed. R. Civ. P. §§ 41(b) ("Rule 41(b)"), 12(b)(5) ("Rule 12(b)(5)"),

and 12(b)(6) ("Rule 12(b)(6)").  (ECF No. 96.)  For the reasons that follow, Defendants' motion

to dismiss is GRANTED.

## BACKGROUND

        This is the second ("*Klein II*") of two actions commenced by Plaintiff.  The first action

("*Klein I*") was commenced in March 2011 and later dismissed. *See Klein v. UPS et al*, 11 Civ.

2044.  Both actions involve Plaintiff's retention of a United Parcel Service ("UPS") package



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/27/2020

1

addressed to a former tenant of Plaintiff, Plaintiff's refusal to return the package to UPS, and his subsequent arrest and prosecution.  Plaintiff asserts similar claims in both actions.

### KLEIN I

Plaintiff commenced Klein I on March 24, 2011.  Compl., *Klein I* (No. 11 Civ. 2044). Plaintiff asserted claims pursuant to Section 1983 against multiple defendants including UPS, the Rockland County District Attorney and several Spring Valley Police Officers.  *Id.*  By Order dated February 6, 2012, *Klein I* was dismissed by the Court (Ramos, J.) for lack of personal jurisdiction.  *See Klein I*, 2014 WL 4637493, at *1 (S.D.N.Y. Sept. 17, 2014) (providing an overview of the procedural dismissal of Plaintiff's prior litigation).  In essence, Plaintiff failed to effectuate service on each of the named defendants.  *Id.*  Plaintiff subsequently moved to "reopen" the case.  *Id.*  The Court, however, denied the application on the basis that Plaintiff failed to make any effort to effectuate service over the course of more than two years, never requested an extension of time for service, and failed to demonstrate "... a good faith effort on his part to prosecute this case."  *Id.*  Plaintiff appealed the Court's dismissal.  In a summary order, the Second Circuit denied Plaintiff's appeal and affirmed the Court's dismissal of the action. *Klein v. Smith*, 613 F. App'x 86, 86 (2d Cir. 2015).

### KLEIN II

Shortly after the Second Circuit issued its order affirming the dismissal of *Klein I*, Plaintiff commenced this action, *Klein II.*  (ECF No. 1.)  Plaintiff's claims are derived from the same core facts as asserted in *Klein I.*  Plaintiff is the trustee of a trust which owns realty property in Spring Valley, New York.   (Second Am. Compl. ("SAC") ¶ 6 (ECF No. 60).)  One of his former tenants, EZP Labels, vacated the premises owing back rent.  Plaintiff commenced a

state civil court proceeding and obtained a monetary judgment against EZP Labels for the outstanding monies owed.  (*Id.* ¶ 7.)

In early 2010, while the state civil court judgment remained unsatisfied, UPS delivered a package addressed to EZP Labels at its former address, Plaintiff's property.  (*Id.* ¶ 7.)  Instead of returning the package, Plaintiff retained it with the hope of exchanging it for payment on the outstanding judgment.  (*Id.* ¶¶ 9-10.)  Subsequently, a UPS employee went to Plaintiff's office on several occasions to request the return of the package.  (*Id.* ¶¶ 12-13.)  On each occasion, Plaintiff informed UPS that he had a "possessory lien"[1] on the package until such time as the state court judgment was satisfied.  (*Id.* ¶ 12.)  On March 24, 2010, UPS filed a criminal complaint against Plaintiff with the Village of Spring Valley Police Department.  (*Id.* ¶ 14.)

Following the filing of the complaint, P.O.  Beltempo and P.O. Scorziello visited Plaintiff at his residence and requested the return of the UPS package.  (*Id.*)  Plaintiff refused and reiterated that he was retaining the package as a lien.  (*Id.* ¶ 16.)  Based on his refusal to return the package to UPS, Plaintiff was arrested.  (*Id.*)

Plaintiff was charged, tried, and convicted of petit larceny and resisting arrest.  (*Id.* ¶ 25.) Plaintiff successfully appealed his conviction to the New York State Supreme Court, Appellate Term, Second Department, resulting in the vacatur of his convictions, dismissal of the resisting arrest count, and reinstatement of the original felony grand larceny in the fourth degree count. The matter was remanded back to the trial court for further proceedings. *See People v. Klein*, No. 2012-1424, 42 Misc. 3d 141(A) (Sup. Ct. App. Term 2d Dept. Feb. 6, 2014).  After the case

---

[1]  A possessory lien, commonly referred to as a retaining lien, allows a creditor to continue possession of the encumbered property until such time as the debt is satisfied. See generally N.Y. U.C.C. § 9-333(a).

was remanded, the District Attorney declined to prosecute Plaintiff on the remaining larceny count.  (SAC ¶ 25.)

During the pendency of his criminal appeal, Plaintiff commenced *Klein I*.  After the dismissal of *Klein I*, as previously discussed, Plaintiff commenced *Klein II*.  In the instant action, Plaintiff originally asserted, *inter alia*, Section 1983 claims against the Rockland County District Attorney, several named Spring Valley officials, UPS, several UPS employees (together with UPS, the "UPS Defendants"), the Village of Spring Valley Police Department, and several members of the Village of Spring Valley Police Department, including P.O. Beltempo and P.O. Scorziello.  In the initial complaint filed in *Klein II*, Plaintiff asserted claims sounding in false arrest and imprisonment, assault, battery, conversion, and alleged violations of the Fourth, Fifth, and Fourteenth Amendments. (ECF No. 1.)  Plaintiff's claims are predicated on his arrest and prosecution related to his retention of the UPS package.  (*Id.*)

By Opinion and Order dated January 24, 2017, this Court dismissed all of Plaintiff's claims against the UPS Defendants, the Rockland County District Attorney, the Mayor of Spring Valley and the Chief of the Spring Valley Police Department.  *Klein II*, 15-CV-9093(NSR), 2017 WL 374733, at *11 (S.D.N.Y. Jan. 24, 2017).  Plaintiff's claims against P.O. Beltempo and P.O. Scorziello for malicious prosecution and conspiracy arising out of the criminal prosecution for larceny were dismissed with prejudice and his claims against Assistant District Attorney Jane Doe were dismissed without prejudice.  *Id.*  The only remaining claims were those for Section 1983 malicious prosecution as against P.O. Beltempo and P.O. Scorziello arising from the prosecution of Plaintiff for resisting arrest.  *Id.*  On February 17, 2017, Plaintiff filed an

4

Amended Complaint seeking to assert similar claims against the previously named Defendants, including claims which were previously dismissed with prejudice.  (ECF Nos. 45 & 46.)

On May 12, 2017, Plaintiff filed a Second Amended Complaint ("SAC"), the operative complaint, asserting claims pursuant to Section 1983 only as against P.O. Beltempo, P.O. Scorziello, and Jennifer Parietti, identified in the pleading as the Jane Doe investigator of the Rockland County District Attorney's Office.  (ECF Nos. 61 & 62.).  By Opinion and Order dated September 7, 2018, this Court dismissed all claims against Parietti.  *See Klein v. Beltempo*, No. 15 CIV. 9093 (NSR), 2018 WL 4284317, at *7 (S.D.N.Y. Sept. 7, 2018).  The only remaining claims are those asserted against P.O.  Beltempo and P.O. Scorziello pursuant to Section 1983. *Id.*

## LEGAL STANDARDS

### RULE 12(b)(5)

Rule 12(b)(5) provides that a complaint may be dismissed for insufficient service of process.  Fed. R. Civ. P. § 12(b)(5).  When considering a Rule 12(b)(5) motion, a court must looks to matters outside the complaint to determine whether it has jurisdiction.  *Darden v. DaimlerChrysler N. Am. Holding Corp.*, 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002).  Plaintiff bears the burden of establishing that service was sufficient.  *Khan v. Khan*, 360 Fed. App'x. 202, 203 (2d Cir. 2010) (citing *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005)) (internal citation omitted).  On a motion to dismiss, Courts should consider the issue of jurisdiction first, because dismissal for lack of jurisdiction renders all other claims moot.  *Darden*, 191 F. Supp. 2d at 386 (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583

(1999); *Calero v. Immigration and Naturalization Service* , 957 F.2d 50 (2d Cir. 1992); *Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358 (2d Cir. 2000)).

A plaintiff seeking to effectuate service of process on an individual must adhere to Fed. R. Civ. P. § 4 ("Rule 4"). Generally, Rule 4(e) provides that service of process upon an individual, other than a minor or incompetent, located in a judicial district of the United States, may be served by: following the local state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; delivering a copy of the summons and of the complaint to the individual personally; leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or delivering a copy of each to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. § 4(e).

**RULE 12(b)(6)**

To survive a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). Factual allegations must "nudge their claim from conceivable to plausible." *Twombly*, 550 U.S. at 555. A claim is plausible when the plaintiff pleads facts which allow the court to draw a reasonable inference the defendant is liable. *Iqbal*, 556 U.S. at 678. To assess the sufficiency of a complaint, the court is "not required to credit conclusory allegations or legal allegations couched as factual allegations." *Rothstein v. UBS AG*, 708 F.3d 82, 94 (2d Cir. 2013). While legal conclusions may provide the "framework of the complaint … threadbare recitals of the

6

elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678-79.

### RULE 41 (B)

A defendant may move to dismiss a claim when the "plaintiff fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. § 41(b). While a Rule 41(b) dismissal is viewed as "a harsh remedy," *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citation omitted), it may, in certain cases, be "vital to the efficient administration of judicial affairs," *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982). When applying Rule 41(b), courts within the Second Circuit employ a five-factor balancing test: (1) the duration of the plaintiff's failures; (2) whether plaintiff had received notice that further delays or non-compliance would result in dismissal; (3) whether the defendant is likely to be prejudiced; (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard; and (5) whether the district judge adequately assessed lesser sanctions. *Terry v. Vill. of Ossining*, No. 12 CIV. 5855 ER, 2013 WL 5952834, at *6 (S.D.N.Y. Nov. 5, 2013) (citing *Shannon v. General Elec. Co.*, 186 F.3d 186, 193-94 (2d Cir. 1999)).

### DISCUSSION

The only documents filed with the Court indicate that Plaintiff attempted to effectuate service upon P.O. Beltempo and P.O. Scorziello by delivering a copy of process upon an authorized agent. No other affidavits of service were filed concerning service of process upon said defendants. Specifically, the affidavits submitted by the Plaintiff indicate process was effectuated on P.O. Beltempo and P.O. Scorziello by delivering a copy of the summons and

7

complaint to "Herby Jean Charles who is designated by law to accept service on behalf of [the] Village of Spring Valley." (ECF Nos. 7 & 9.) Notably, the affidavits of service identify Herby Jean Charles as the authorized agent for the Village of Spring Valley and not the agent of P.O. Beltempo and P.O. Scorziello, the intended recipients. While the referenced affidavits may be sufficient to support a finding of service upon the Village of Spring Valley, provided Herby Jean Charles is an agent for the purpose of service, the documents fail to support a finding of proper service upon P.O. Beltempo and P.O. Scorziello. P.O. Beltempo and P.O. Scorziello are distinct individuals from the Village of Spring Valley. Thus, service upon the Village does not amount to service upon P.O. Beltempo and P.O. Scorziello. Accordingly, it is the Court's determination that Plaintiff has failed to effectuate service pursuant to Rule 4(e).

Similarly, Plaintiff failed to effectuate service in accordance with local state law. In New York, service of process on an individual is governed by N.Y. C.P.L.R § 308 ("NY Rule 308"). NY Rule 308 provides, in relevant part, that service upon an individual, a natural person, may be effectuated by: 1) delivering the summons within the state to the person to be served; or 2) by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served *and* by mailing the summons to the person to be served at his or her last known residence; or 3) delivering the summons within the state to the agent for service of the person to be served. Plaintiff's affidavit of service falls short of requirements of NY CPLR 308. No personal service was effectuated upon either Defendant. No substitute service was attempted at either of the Defendants' home or place of business. Notably, P.O. Scorziello was retired at the time service

was attempted and no longer conducting regular "business" for the Village of Spring Valley Police Department.

While the affidavit of service indicates the date service was attempted, it fails to provide a location for the attempted service.  A police officer's "actual place of business" is the police station and not just any governmental building.  *See Davis v. City of New York*, No. 07 CIV 1395, 2008 WL 2511734, at *3 (S.D.N.Y. June 19, 2008) (holding service of two police officers insufficient when the service was made on the city's office of Corporation Counsel).  Even if it were determined that service was accomplished by delivery of the summons and complaint at he Defendants' place of business in this case, the statute additionally requires the "mailing [of] the summons to the person to be served at his or her last known residence."  N.Y. C.P.L.R § 308.  No such mailing was made.  Accordingly, Plaintiff failed to demonstrate service was made in compliance with New York law.  *See Vidurek v. Koskinen*, No. 17 CV 9064(VB), 2018 WL 3597644, at *9 (S.D.N.Y. July 25, 2018) (dismissing plaintiff's claim on a Rule 12(b)(5) motion because service was not in "accordance with the law of the state"), *aff'd,* 789 F. App'x 889 (2d Cir. 2019).

Though Plaintiff contends that the Defendants waived their right to contest ineffective service, such assertion is unavailing. Defendants properly preserved their defense of ineffective service in their answer to Plaintiff's pleadings (ECF. No. 55, ¶ 86), and promptly moved to dismiss after the filing of the SAC.  Defendants also raised their jurisdictional defenses *before* the initial pretrial conference.  *See DHL Glob. Forwarding Mgmt. Latin Am., Inc. v. Pfizer, Inc.*, No. 13-CV-8218 KBF, 2014 WL 5169033, at *6 (S.D.N.Y. Oct. 14, 2014); *Mattel, Inc. v. Barbie-Club.com*, 310 F.3d 293, 307 (2d Cir. 2002) ("[T]o preserve the defense of lack of

personal jurisdiction, a defendant need only state the defense in its first responsive filing . . . .").
Indeed, Plaintiff has failed to proffer any controlling case law in support of his theory of waiver.

Lastly, Plaintiff has failed to demonstrate good cause to warrant an extension of time to properly effectuate service beyond the statutory time frame. *See* Rule 4(m); *Harper v. City of New York*, 424 F. App'x 36, 39 (2d Cir. 2011). Plaintiff initiated this action on November 19, 2015. (ECF No. 1.) Throughout this litigation, Plaintiff was alerted to the alleged impropriety of service and made no attempt to correct it. More than four years has lapsed since commencement of this action, which is Plaintiff's second attempt to prosecute these claims.

As previously discussed, dismissal for lack of jurisdiction renders all other claims moot. *Darden*, 191 F. Supp. 2d at 386 (internal citations omitted). In light of the Court's dismissal of the remaining claims, the Court need not discuss whether defendants are entitled to relief pursuant to Rule 12(b)(6) and Rule 41(b).[2]

---

[2] Defendants devote a significant portion of their Memorandum in support of their motion discussing the applicability of Rule 41(b). Given the posture of the case, it appears that Rule 41(b) is inapplicable. Courts in the Second Circuit tend to apply Rule 41(b) where Plaintiff has failed to prosecute its claims. *See, e.g.*, *Brown v. Pulgarin*, No. 17CV1677VSBKHP, 2018 WL 5723120, at *1 (S.D.N.Y. Nov. 1, 2018) (dismissing a plaintiff's claim for failure to comply with court-ordered discovery deadlines); *Harding v. Goord*, 135 F. App'x 488, 489 (2d Cir. 2005) (affirming a district court's dismissal of a plaintiff's claim for failure to comply with court-ordered deadlines).

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED.  The Second

Amended Complaint is dismissed as against Defendants Scorziello and Beltempo for lack of

personal jurisdiction.  The Clerk of the Court is respectfully directed to terminate the motion at

ECF No. 96 and close the case.

Dated:  May 27, 2020                                              SO ORDERED.
       White Plains, New York

                                             NELSON S. ROMÁN
                                     United States District Judge